UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

July 2, 2019

Amy Christine Schwind, Esq.
Matthew M. Oliver, Esq.
Jarrett R. Schindler, Esq.
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068
*Counsel for Plaintiff*

David C. Steinmetz, Esq.
Kunstlinger & Steinmetz
212 Second Street, Suite #304
Lakewood, New Jersey 08701
*Counsel for Defendant*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:  Comodo Holdings Limited v. Alessandra Emanuel
Civil Action No. 18-14188 (SDW) (LDW)**

Counsel:

Before this Court is Defendant Alessandra Emanuel's ("Defendant") Appeal of Magistrate Judge Leda Dunn Wettre's ("Judge Wettre") March 27, 2019 Letter Order, which granted Plaintiff Comodo Holdings Limited ("Plaintiff") limited jurisdictional discovery. Also before this Court is Defendant's Motion to Stay Discovery pending resolution of the instant appeal.

This Court, having considered the parties' submissions and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78, and for the reasons discussed below, **AFFIRMS** Magistrate Judge Wettre's March 27, 2019 Letter Order. As such, Defendant's Motion to Stay Discovery is **DENIED** as moot.

### I. STANDARD OF REVIEW

Magistrate Judges may hear non-dispositive motions under 28 U.S.C. § 636(b)(1)(A) and Rule 72(a). A district court may reverse a Magistrate Judge's determination of a non-dispositive motion only where it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *Haines*

*v. Liggett Grp. Inc.*, 975 F.2d 81, 83 (3d Cir. 1992). A ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co. of Wis.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)) (internal quotations omitted). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." *Andrews v. Goodyear Tire & Rubber Co., Inc.*, 191 F.R.D. 59, 68 (D.N.J. 2000). An order is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006). This Court conducts a *de novo* review of legal conclusions. *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (citations omitted).

## II. DISCUSSION[1]

On November 2, 2018, Defendant moved to dismiss this suit for lack of personal jurisdiction or, alternatively, to stay pending resolution of a related action. (ECF No. 2.) By Letter Order dated March 27, 2019, Judge Wettre deferred ruling on the Motion to Dismiss pending completion of limited jurisdictional discovery. (ECF No. 15.) Plaintiff filed a Motion for Reconsideration on April 10, 2019, which Judge Wettre denied on May 3, 2019. (ECF Nos. 17, 21.) On May 20, 2019, Defendant filed the instant Appeal of Judge Wettre's March 27, 2019 Letter Order. (ECF No. 22.) Plaintiff opposed on June 3, 2019, and Defendant replied on June 10, 2019. (ECF Nos. 25, 28.) On June 26, 2019, Defendant filed a Motion to Stay Discovery pending the resolution of her appeal. (ECF No. 31.)

Generally, "jurisdictional discovery should be allowed unless the plaintiff's claim is 'clearly frivolous.'" *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997); *see also Am. Gen. Life Ins. Co. v. Berger*, No. 10-3377, 2011 WL 322649, at *2-3 (D.N.J. Jan. 28, 2011) (deferring to the magistrate judge's finding that the plaintiff's various bases for personal jurisdiction were not clearly frivolous). In her March 27, 2019 Letter Order, Judge Wettre explained that she "[could not] conclude that [Plaintiff's] claim is clearly frivolous[,]" and thus granted "limited jurisdictional discovery only as to jurisdictional facts relevant to the *Calder* effects test."[2] (ECF No. 15 at 3.) Judge Wettre specified that "[s]uch discovery shall consist of no more than five (5) interrogatories, five (5) requests for production, and a deposition of defendant to last no longer than three (3) hours, all to be completed ninety (90) days from the date of [the] Order." (*Id.*)

Given the broad discretion afforded to magistrate judges in resolving discovery disputes, Judge Wettre's allowance of very limited jurisdictional discovery was reasonable and sufficiently tailored to prevent a "fishing expedition." *See LaSala v. Marfin Popular Bank Pub. Co.*, 410 F. App'x 474, 478 (3d Cir. 2011) (cautioning against "a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery" (citations omitted)); *see also Halsey v.*

---
[1] This Court assumes the parties' familiarity with the factual background and procedural history in this matter and thus will summarize only those facts relevant to the instant appeal.
[2] Under the "effects test" employed in *Calder v. Jones*, 465 U.S. 783 (1984), "a court may exercise personal jurisdiction over a nonresident defendant who acts outside the forum state to cause an effect upon the plaintiff within the forum state." *Carteret Savings Bank, FA v. Shushan*, 954 F.2d 141, 148 (3d Cir. 1992).

*Pfeiffer*, No. 09-1138, 2010 WL 3735702, at *1 (D.N.J. Sept. 17, 2010) ("District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes." (citations omitted)).  Based on the foregoing, Judge Wettre's findings and conclusions were neither clearly erroneous nor contrary to law.

### III. CONCLUSION

For the reasons set forth above, Judge Wettre's March 27, 2019 Order is **AFFIRMED**.  As such, Defendant's Motion to Stay Discovery pending resolution of the instant appeal is **DENIED** as moot.  An appropriate Order follows.

                                                    /s/ Susan D. Wigenton
                                          SUSAN D. WIGENTON, U.S.D.J.

Orig:  Clerk
cc:     Parties
        Leda Dunn Wettre, U.S.M.J.